# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0798V
UNPUBLISHED

| | |
|---|---|
| KEVIN REILLEY,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: November 18, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Heather Varney Menezes*, Shaheen & Gordon, P.A., Manchester, NH, for Petitioner.

*Mallori Browne Openchowski*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On July 1, 2020, Kevin Reilley filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") after an influenza ("flu") vaccine on October 31, 2018. Petition at 3. This case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 17, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for his shoulder injury related to vaccine administration ("SIRVA"). On November 18, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $58,366.13, which is comprised of $57,500.00 in damages for pain and suffering and $866.13 as compensation for Petitioner's actual unreimbursed medical expenses. Proffer at 1. In the Proffer,

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $58,366.13 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| KEVIN REILLEY,<br><br>                Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | No. 20-798V<br>Chief Special Master Corcoran<br>SPU |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.      Procedural History and Items of Compensation**

On September 17, 2021, respondent filed his Vaccine Rule 4(c) report, and conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act.  Thereafter, on that same day, the Chief Special Master issued a Ruling on Entitlement finding that petitioner was entitled to vaccine compensation for his left Shoulder Injury Related to Vaccine Administration ("SIRVA").  ECF Doc. 25.  Based on the evidence of record, respondent proffers that petitioner should be awarded  $58,366.13, which is comprised of damages for pain and suffering ($57,500.00) and unreimbursed medical expenses ($866.13).  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

1

## II.     Form of the Award

The parties recommend that compensation provided to petitioner should be made through a lump sum payment of $58,366.13, in the form of a check payable to petitioner. Petitioner agrees.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

        Respectfully submitted,

        BRIAN M. BOYNTON
        Acting Assistant Attorney General

        C. SALVATORE D'ALESSIO
        Acting Director
        Torts Branch, Civil Division

        HEATHER L. PEARLMAN
        Deputy Director
        Torts Branch, Civil Division

        LARA A. ENGLUND
        Assistant Director
        Torts Branch, Civil Division

        s/ *Mallori B. Openchowski*
        MALLORI B. OPENCHOWSKI
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146, Ben Franklin Station
        Washington, DC 20044-0146
        Tel.:  (202) 305-0660
        mallori.b.openchowski@usdoj.gov

DATED:  November 18, 2021